UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,                  Criminal No. 20-122 (DWF/ECW)

        Plaintiff,

v.                                                                        **ORDER**

Ry Cedric Gustafson,

        Defendant.

        This matter is before the Court upon Defendant Ry Cedric Gustafson's ("Defendant") Motion to Revoke the Order of Detention entered on July 7, 2020 (Doc. No. 15).  The United States of America filed a response opposing Defendant's motion to revoke the order of detention (Doc. No. 19).

        The Court has conducted the *de novo* review of the record including all submissions of counsel, including reviewing the 14-page transcript from the detention hearing before the Magistrate Judge.  Based upon the record before the Court and all arguments and submissions of the parties, and the Court being otherwise duly advised in the premises, Defendant Ry Cedric Gustafson's Motion to Revoke Magistrate Judge's Order of Detention is respectfully denied.

## MEMORANDUM

        On June 25, 2020, the Defendant was charged in the Indictment with conspiracy to distribute 50 grams or more of actual methamphetamine (Count 1) in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(A) and 846; two counts of possession with intent to

distribute 50 grams or more of actual methamphetamine (Counts 2 and 4) in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A); and distribution of 50 grams or more of actual methamphetamine (Count 3) in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A). (Doc. No. 1.)

Following a detention hearing on July 2, 2020 before the Honorable Magistrate Judge Hildy Bowbeer, she ordered that the Defendant be detained concluding that he was both a flight risk and danger to the community. (Doc. Nos. 12-13.)

## BACKGROUND

The indictment involves alleged conduct in 2019 and 2020. The Defendant is accused of conspiring with Jamie Lee Shore and others to distribute 50 grams or more of actual methamphetamine. According to the record before the Court, on July 18, 2019, police officers searched the Defendant's residence in Coon Rapids, Minnesota, and at that time seized 975.11 grams of methamphetamine which was under the back deck of his residence. It is also alleged that, on March 31, 2020, a confidential informant ("CI") purchased 109.64 grams of methamphetamine from the Defendant, again at his residence. Since the CI was wearing a "body wire," during the purchase, law enforcement officers could hear the Defendant discussing the transaction and counting the buy money on a money counting machine. Then, again, on April 3, 2020, law enforcement officers searched the Defendant's residence and seized 343.41 grams of methamphetamine, 73 dosage units of lysergic acid diethylamide (LSD), 4.251 grams of mushrooms containing psilocyn, and a money counting machine. The law enforcement officers involved allege that the Defendant was located in the garage where most of the methamphetamine was

found.  At that time, they also seized three firearms that were in the attic of the garage. As observed by the Magistrate Judge in her Findings of Fact and Order of Detention (Doc. No. 13), the Pretrial Service Report also reflects that the Defendant, in addition to an extensive criminal record which includes three prior felony drug offenses, probation violations, and a history of failing to appear for court hearings, is also alleged to have committed these federal felony drug crimes, while pending felony drug charges in state court.

According to the Pretrial Services Report, the Defendant stated he has been married to Cherlyn Gustafson since 2011, and that they have two daughters together, ages 9 and 4.  Defendant also stated that he has lived at the address in Coon Rapids for the past five years with his wife and children, which is where the drugs were found.  His wife currently resides at the residence while their children are staying with a grandmother.

If convicted of the offenses before the Court, the Defendant faces a significant prison term, in addition to a 10-year mandatory minimum sentence.

## DISCUSSION

Pursuant to Rule 46(b) of the Federal Rules of Criminal Procedure and 18 U.S.C. § 3142, the Court considered the following factors in assessing the continued detention of Defendant:

(1) the nature and circumstances of the offense charged, including whether the offense involves . . . a minor victim;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including—

    (A)  the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

    (B)  whether, at the time of the current offense or arrest, the person was on probation . . . .

  (4)  the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

  As both parties have observed, given the charges set forth in the indictment of Mr. Gustafson, those charges create a rebuttable presumption that no condition or combination of conditions will reasonably insure the Defendant's appearance in Court and the safety of the community. 18. U.S.C. § 3142(e)(3). The Court has carefully considered those factors set forth in 18 U.S.C. § 3142. "In a presumption case such as this, the defendant bears the (a) limited burden of production—not a burden of persuasion—to rebut that presumption by coming forward with evidence that he does not pose a danger to the community or a risk of flight."

  Based upon all of the facts and circumstances of this case, the Court concludes that the Defendant has failed to overcome the presumption of detention. The Court notes that the Defendant is facing a significant prison sentence. Importantly, even though the Defendant has a wife and two young children, that nonetheless did not motivate him to either cease the alleged distribution of methamphetamine or to address in some manner his chemical dependency problem, even while he was on pretrial release on state drug charges.

The Court is not unsympathetic to the Defendant's request and defense counsel's arranging inpatient treatment at Adult and Teen Challenge.  However, while the Court will be addressing the chemical dependency issue in the event the Defendant pleads guilty or is found guilty, any issue of punishment should precede the treatment issue absent a medical emergency or serious medical condition.

Consequently, the Court concludes that the Government has established by clear and convincing evidence that there are no conditions or combinations of conditions of release that will reasonably assure the safety of any other person in the community if the Defendant is released pending trial; and that the Government has proven by a preponderance of the evidence that there is no condition or combination of conditions of release that would reasonably assure the Defendant's appearance at further Court proceedings.

For the foregoing reasons, the Court enters the following:

## ORDER

1.	Defendant Ry Cedric Gustafson's Motion to Revoke the Magistrate's Order for Detention (Doc. No. [15]) is respectfully **DENIED.**

Dated:  August 3, 2020				s/Donovan W. Frank
						DONOVAN W. FRANK
						United States District Judge